98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tanaka Lee BIRDO, Plaintiff-Appellant,
v.
Helen HUGHES; Homer Shumate; Bud Rankin, Defendants-Appellees.
 No. 95-6419.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1996.
 
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, a declaratory judgment, and injunctive relief, Tanaka Lee Birdo sued the Chairman of the Kentucky Parole Board (Helen Hughes) and two members of the Kentucky Parole Board (Homer Shumate and Bud Rankin) in their individual capacities. Birdo claimed that: 1) the defendants rescinded his parole date in violation of his rights under the Equal Protection Clause; 2) the defendants retaliated against him for exercising his First Amendment right of access to the courts; and 3) the defendants subjected him to cruel and unusual punishment. The magistrate judge recommended dismissing Birdo's complaint sua sponte, without prejudice, pursuant to 28 U.S.C. § 1915(d). The district court adopted the magistrate judge's recommendation as the opinion of the court over Birdo's objections. Birdo appeals that judgment.
 
 
 3
 In his timely appeal, Birdo reasserts the claims he set forth in the district court.
 
 
 4
 Upon review, we affirm the district court's judgment for reasons other than those expressed by the district court. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994). A state prisoner does not state a cognizable claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).
 
 
 5
 A favorable decision would render Birdo's continued confinement invalid. Birdo was granted parole on January 5, 1994, but was not released from prison because his home placement had not yet been approved. While he was waiting for his home placement to be approved, Birdo was forced to share a cell with an allegedly mentally ill prisoner with whom he was involved in a fight. As a result of the fight, a hearing was conducted and Birdo's parole was rescinded. Birdo challenges that judgment rescinding his parole. If Birdo prevails on his claim that the defendants improperly rescinded his parole in violation of his civil rights, he will automatically be entitled to reinstatement of the January 5, 1994, parole date. Hence, under these circumstances, Birdo's claims are not cognizable, because he has not first obtained habeas corpus relief. See Heck, 114 S.Ct. at 2373.
 
 
 6
 Accordingly, the district court's judgment is affirmed for the foregoing reasons pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.